1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

8   EVARISTO JONATHAN GARCIA,
    #1108072,
9                                              2:17-cv-03095-JCM-CWH
            *Petitioner*,
10                                             ORDER
11  vs.
12
    NEVADA DEPARTMENT OF
13  CORRECTIONS, *et al.*,
14          *Respondents*.
15

16      This habeas action under 28 U.S.C. § 2254 comes before the court on petitioner's

17  application (ECF No. 1) to proceed *in forma pauperis*, his motion (ECF No. 2) for appointment

18  of counsel, and for initial review.

19      The pauper application is deficient in that petitioner did not attach an inmate account

20  statement for the prior six months in addition to the financial certificate submitted.   This

21  deficiency possibly may have been due, however, to petitioner having been transferred to be

22  held by Arizona authorities for the Nevada corrections department.   When petitioner filed a

23  prior petition in this court in June 2017 that was dismissed without prejudice, he then was

24  incarcerated at Ely State Prison.  *See Garcia v. State of Nevada,* No. 3:17-cv-00378-MMD-

25  WGC.   In all events, the incomplete materials submitted reflect that petitioner has sufficient

26  funds to pay the $5.00 filing fee.  The pauper application therefore will be denied.

27      The financial materials submitted otherwise establish petitioner's financial eligibility for

28  appointment of counsel.  The court finds that appointment of counsel is in the interests of

justice given, *inter alia*: (1) petitioner's lengthy sentencing consisting of two consecutive sentences of life with the possibility of parole after a minimum of ten years on each sentence, on his conviction, following a jury trial, of second-degree murder with the use of a deadly weapon; (2) the very limited ability demonstrated by petitioner in articulating his claims in this and the prior action, with petitioner presenting more or less bare documents covering copies of prior state court filings and/or orders; (3) the prospect that petitioner's access to Nevada-specific legal materials and inmate assistance while incarcerated in Arizona may be more limited than the resources that may have been available to him while held within Nevada; and (4) the complexity of the potential procedural and substantive issues presented, including those potentially arising with respect to *Martinez v. Ryan*, 566 U.S. 1 (2012), following upon counsel not being appointed in the state post-conviction proceedings.

The motion for appointment of counsel therefore will be granted. The court is proceeding forward with appointment of counsel prior to and while the filing fee is being paid so that counsel may begin working on the case at the earliest possible juncture.[1] The $5.00 filing fee still must be paid timely by petitioner or the action will be dismissed, the appointment of counsel notwithstanding.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is denied. Petitioner shall have **thirty (30) days** from entry of this order within which to have the filing fee of five dollars ($5.00) sent to the clerk of court. Failure to timely comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that petitioner's motion (ECF No. 2) for appointment of counsel is GRANTED. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

---

[1]The court notes, however, that preliminary review reflects that the one-year federal limitation period potentially putatively will expire only two weeks following the December 13, 2017, constructive filing date of the petition. The court is not appointing counsel at this juncture with an assumption that counsel potentially would be able to file new claims in a counseled amended petition without reliance upon, *inter alia*, relation back.

IT FURTHER IS ORDERED that the federal public defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate to the court the office's inability to represent petitioner in these proceedings.  If the federal public defender is unable to represent petitioner, the court then shall appoint alternate counsel.  A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.  The court anticipates, given the number of potential claims herein and the associated investigation potentially involved, setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment.  Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.  Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.  *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the clerk shall add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him.  Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of the court.

IT FURTHER IS ORDERED that the clerk shall file the petition.

The clerk accordingly shall send a copy of this order to petitioner in proper person, the federal public defender, the state attorney general and the CJA coordinator for this division.

The clerk additionally shall provide copies of all prior filings herein to both the attorney general and the federal public defender in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

1       Finally, the clerk shall provide petitioner two hard copies of this order in proper person.

2  Petitioner shall make the necessary arrangements to have a copy of this order attached to

3  the check for the $5.00 filing fee, if the filing fee is paid through the institution.[2]

4          DATED:  December 29, 2017.

5

6

7  _____

8  JAMES C. MAHAN
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 _____

27     [2]It may be more practical for petitioner to pay the filing fee directly from the institution in proper person, without the intermediation of newly provisionally appointed counsel.  In all events, this order directs

28  only the time within which the filing fee must be paid, not how it is done.