UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVARISTO JONATHAN GARCIA,<br><br>         Petitioner,<br>  v.<br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>         Respondents. | Case No. 2:17-cv-03095-JCM-CWH<br><br>ORDER |

This counseled habeas petition comes before the court on petitioner's motion for a stay and abeyance (ECF No. 24). Respondents do not oppose (ECF No. 25).

Petitioner initiated this action on or about December 13, 2017, with the dispatch of a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 5). On December 29, 2017, the court provisionally appointed the Federal Public Defender to represent the petitioner. (ECF No. 4). Counsel was officially appointed on April 5, 2018, and filed an amended petition for writ of habeas corpus on February 14, 2019. (ECF Nos. 9 & 18). The amended petition contains an unexhausted claim – Ground 1 – which is based on evidence that counsel obtained during the investigation into petitioner's case. Petitioner has initiated habeas proceedings in state court in order to exhaust the claim and now asks the court to stay this action while he completes the ongoing state proceedings.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This court has declined to prescribe the strictest possible standard for issuance of a stay. "[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *See id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)).

Ground 1 of the amended petition is a claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), asserting that the state withheld school police reports that provided information that could have inculpated another suspect and/or cast doubt on the credibility of the state's star witness. Petitioner asserts that this claim could not have been exhausted in his first state court postconviction proceedings because he did not have counsel in those proceedings and, although his trial attorney requested the school police reports before trial, they were never provided. It was not until the federal habeas corpus proceedings that petitioner was finally provided the pertinent reports. Petitioner asserts good cause based on the allegedly withheld *Brady* evidence and the lack of counsel for his first state habeas petition.

The court agrees that good cause exists for the failure to first exhaust Ground 1 in state court before the filing of the instant petition. The court further finds that Ground 1 is not "plainly meritless," and that petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, petitioner's unopposed request for a stay and abeyance (ECF No. 24) will be granted.

In accordance with the foregoing, petitioner's unopposed motion for stay and abeyance (ECF No. 24) is granted.

It is further ordered that this action is stayed pending exhaustion of Ground 1 of the amended petition.

It is further ordered that the grant of a stay is conditioned upon petitioner litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

It is further ordered that the clerk shall administratively close this action, until such time as the court grants a motion to reopen the matter.

IT IS SO ORDERED.

DATED THIS 4th day of April 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE