1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Evaristo Jonathan Garcia,

                                        Petitioner,

        v.

W.A. Gittere, et al.,

                                        Respondents.

Case No. 2:17-cv-03095-JCM-CWH

**ORDER**

10    Petitioner Evaristo Jonathan Garcia filed a counseled second amended petition for writ of

11 habeas corpus (ECF No. 36) pursuant to 28 U.S.C. § 2254 to challenge his state court conviction.

12 Respondents now move to dismiss the amended petition as untimely, unexhausted, and/or

13 procedurally barred. ECF No. 42. Also before the Court is Garcia's motion for leave to file

14 excess pages. ECF No. 55.

15                                    **Background**

16    Garcia challenges a conviction and sentence imposed by the Eighth Judicial District

17 Court for Clark County. On September 11, 2013, the state district court entered a judgement of

18 conviction for murder with use of a deadly weapon and sentenced Garcia to a term of ten years to

19 life with a consecutive term of 10 years to life for the deadly weapon enhancement. ECF No. 21-

20 27. The Nevada Supreme Court affirmed the conviction. ECF No. 45-13.

21    On June 10, 2016, Garcia filed a state habeas postconviction petition and the state district

22 court denied postconviction relief. ECF Nos. 45-19, 45-31. The Nevada Court of Appeals

23 affirmed the state district court's denial of relief. ECF No. 45-39. On December 13, 2017, Garcia

24 initiated this federal habeas proceeding *pro se*. ECF No. 1. Following appointment of counsel,

25 Garcia filed a first amended habeas petition. ECF No. 18.

26    Garcia returned to state court and filed a second state habeas petition that was denied.

27 ECF Nos. 45-43, 46-4. Following a motion for reconsideration and hearing on the second state

28 habeas petition, the state district court denied relief. ECF No. 46-14. Garcia filed a motion to

alter or amend judgment, which was granted, and the state district court set the matter for an evidentiary hearing. The state district court denied relief finding the claims procedurally barred. ECF No. 47-27. The Nevada Supreme Court affirmed finding the state district court properly denied Garcia's petition as procedurally barred. ECF No. 47-43.

The Court granted Garcia's motion to reopen, and he filed his second amended federal habeas petition. ECF Nos. 33, 36. Respondents move to dismiss Garcia's second amended petition because it contains claims that do not relate back to his timely-filed petition and argues that Grounds I, II, IV, VI[1] are unexhausted and/or procedurally barred. ECF No. 42.

## Discussion

I.  **Whether Grounds I, II, and IV are unexhausted and/or procedurally barred.**

  a. **Exhaustion**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the

---

[1] In their reply, Respondents withdraw their assertion that Ground VI is unexhausted.

state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

### i.  Ground II

Ground II alleges that the State presented insufficient evidence to prove Garcia committed second-degree murder in violation of the due process clause of the Fourteenth Amendment. ECF No. 36 at 30. Respondents argue that Ground II is unexhausted because although Garcia asserted a claim of insufficient evidence, he did not present on direct appeal to the Nevada appellate court new factual allegations and arguments, such as the in-court identification of an individual as being overly suggestive and that Calvillo was a co-conspirator. On appeal, Garcia referred to Calvillo as an accomplice, rather than co-conspirator and Respondents argue that requires a different analysis under state law.

The Court finds that the additional factual allegations do not fundamentally alter Garcia's claim.  The Nevada Supreme Court's decision on direct appeal shows that the appellate court considered the arguments presented and determined that the evidence was sufficient to establish the jury's finding of guilt. *See* ECF No. 45-13. The legal basis of the claim has not changed.  *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (finding the exhaustion requirement satisfied even though the precise factual predicate for the claim had changed after it was presented to the state courts because the change did not fundamentally alter the legal basis for the claim).  Accordingly, Ground II is exhausted.

### ii.  Ground IV

In Ground IV, Garcia alleges that the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights by denying his request to have Harper, a witness for the State, examined by a psychiatrist and by allowing this incompetent witness to testify. ECF No. 36 at 40. Respondents argue that Ground IV is unexhausted because Garcia now raises a new legal claim under the

Confrontation Clause that was not presented on direct appeal. In addition, Respondents argue that Ground IV is unexhausted because Garcia includes new factual allegations that a defense expert testified that an evaluation by a neuropsychologist and further testing was necessary and that Harper testified that Giovanni and Garcia were both at the crime scene and argued over the gun contradicting another witness's testimony.

The Court finds that the additional factual allegations do not fundamentally alter Garcia's claim in Ground IV. The Court, however, finds that Ground IV is unexhausted to the extent that Garcia alleges a violation of the Confrontation Clause. In his state court brief on appeal, Garcia raised the issue of trial court error by allowing an incompetent witness to testify arguing that Harper's injury affected his ability to recall events and his ability to testify truthfully. ECF No. 45-3 at 27. Garcia did not refer to a Confrontation Clause violation, the Sixth Amendment, or a federal or state case addressing the Confrontation Clause issue. In addition, the Nevada appellate court's decision did not mention the Confrontation Clause. Further, the Court does not find that the argument that "Harper's brain injury prevented him from being effectively cross-examined" was fairly presented to the Nevada appellate court. Ground IV was not fairly presented to the Nevada appellate court and is unexhausted to the extent that Garcia alleges a violation of the Confrontation Clause.

### b. Ground I is not procedurally barred.

Respondents argue that Ground I should be dismissed as procedurally barred. ECF No. 64 at 7. A procedural default occurs when a petitioner presents a claim to the state courts, but the state court disposes of that claim on procedural grounds instead of on its merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court is barred from reviewing a claim for habeas corpus relief if the state court decision regarding that claim rested on state law ground that is both independent of the federal question and adequate to support the judgment. *Id*.

Although Garcia asserts that he exhausted Ground I in his appeal of his second state habeas petition, Respondents argue that the Nevada Supreme Court dismissed Ground I as untimely and successive pursuant to NRS 34.726(1) and NRS 34.810. The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of these procedural bars are

independent and adequate state grounds. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003). Garcia, however, relies on *Cooper v. Neven*, 641 F.3d 322, 332 (9th Cir. 2011), asserting that the Nevada Supreme Court's procedural holding was not independent of federal law, and, therefore, his claim is not barred. ECF No. 53 at 34. Garcia asserts that the Nevada Supreme Court's procedural default analysis was interwoven with federal law because it considered the merits of Garcia's *Brady v. Maryland*, 373 U.S. 83 (1963), claim.

A state procedural rule constitutes an "independent" bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (*quoting Ake*, 470 U.S. at 75).

Here, the Nevada Supreme Court affirmed that Garcia's second state habeas petition was untimely and successive. ECF No. 47-43. However, in ruling that Garcia did not establish cause and prejudice to excuse the procedural bar, the state appellate court considered the merits of the claim, whether Garcia demonstrated that the State withheld evidence and whether the evidence was material, which "dovetail exactly with the cause-and-prejudice analysis." *See Cooper*, 641 F.3d at 333. The state appellate court's decision did not rest on an independent and adequate state ground. Accordingly, the Court rejects Respondents' argument that Ground I is procedurally barred from federal review.

## II.    Relation Back

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure. Under Rule 15, an untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c). For habeas petitions, "relation back depends on the existence

of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Mayle*, 545 U.S. at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It is not enough that the new argument pertains to the same trial, conviction, or sentence."). Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *Mayle*, 545 U.S. at 661; *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common *core* of operative facts"). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.

Respondents contend that Grounds I through VI are untimely because Garcia did not raise these claims in his original *pro se* petition. ECF No. 42 at 8-10. Respondents argue that Garcia failed to set forth any facts in the body of his original *pro se* petition. *Id.* Garcia asserts that his amended petition does not assert "new grounds for relief" and that a relation back analysis is unnecessary because the claims are timely. ECF No. 53 at 13. Garcia argues that his claims nonetheless relate back to his timely petition. He relies on the Ninth Circuit's decision in *Ross v. Williams*, 950 F.3d 1160 (9th Cir. 2020), which held that a state appellate court's order, attached to a timely petition, was incorporated by reference for the relation-back purposes pursuant to Civil Rules 10(c), 15(c)(1)(B), and 81(a)(4), 28 U.S.C. § 2242, and Habeas Rule 12. 950 F.3d at 1167. "'For all purposes,' including relation back, the original petition consists of the petition itself and any 'written instruments' that are exhibits to the petition." *Ross*, 950 F.3d at 1167 (quoting Fed. R. Civ. P. 10(c) (internal bracketing omitted)). "Like a brief, a court decision is a written instrument." *Ross*, 950 F.3d at 1167 (citing *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005)).

*Ross* instructs courts to "follow two steps to determine whether an amended petition relates back to an original petition that relied on an appended written instrument to help set forth

the facts on which it based its claims": (1) courts "determine what claims the amended petition alleges and what core facts underlie those claims," and (2) "for each claim in the amended petition," courts examine "the body of the original petition and its exhibits" to see whether the pleading set out or attempted to set out "a corresponding factual episode" or "whether the claim is instead supported by facts that differ in both time and type" from those set forth in the original petition. 950 F.3d at 1167 (quoting Fed. R. Civ. P. 15(c)(1)(B); *Mayle*, 545 U.S. at 650) (internal quotation marks omitted).

"The central question under this framework is whether the amended and original petitions share a common core of operative facts, as those facts are laid out in the amended petition and 'attempted to be set out' in the original petition." *Ross*, 950 F.3d at 1168. "Relation back may be appropriate if the later pleading merely corrects technical deficiencies or expands or modifies the facts alleged in the earlier pleading, restates the original claim with greater particularity, or amplifies the details of the transaction alleged in the preceding pleading." *Ross*, 950 F.3d at 1168 (internal brackets, quotation marks, and citation omitted). or (citing 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1497 (3d ed. 2019) (internal brackets and quotation marks omitted)).

### a. Ground 1 relates back.

Garcia asserts that Ground 1 is timely under § 2244(d)(1)(D) because it is a *Brady* claim based on newly discovered evidence. Respondents argue that because Garcia discovered this claim on November 26, 2018, he had until November 26, 2019, to timely file his claim. Although Garcia raised Ground 1in his first amended petition that was filed on February 19, 2019, Garcia's second amended petition was filed on December 6, 2022. As such, Ground 1 must relate back to the first amended petition. Respondents argue that Ground 1 as alleged in the second amended petition provides numerous additional eyewitnesses, trial testimony, and evidentiary hearing testimony that were not a part of the "core operative facts" of Ground 1 as alleged in the first amended petition. ECF No. 64 at 4.

The Court finds that Ground 1 as asserted in Garcia's second amended petition relates back to the claim asserted in his first amended petition. Although particular facts may not have

been alleged in the first amended petition, the challenged factual allegations are tied to the same core operative facts as alleged in the first amended petition. Relation back does not require that "the facts in the original and amended petitions be stated in the same level of detail." *Ross*, 950 F.3d at 1168 n.4 (noting that relation back may be appropriate if the later pleading expands or amplifies the facts alleged in the earlier pleading and stating that "[s]ufficient correspondence exists if two claims arise out of the same episode-in-suit."). Accordingly, Ground I is not time-barred.

### b. Grounds II-VI relate back.

Although a pro se habeas petition is "given the benefit of liberal construction," *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), even "a liberal interpretation … may not supply … [a] claim that [was] not initially pled," *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Garcia is correct that attachments to a timely petition can provide the necessary facts to support relation back, but the petition itself must at least identify specific grounds for relief to which the facts relate. *See Ross*, 950 F.3d 1160 ("If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back."). Even under *Ross*, facts contained in attachments to the initial petition cannot provide the basis for relation back if they are not related to grounds for relief asserted within the timely petition. *Id.* at 1168 ("If an exhibit to the original petition includes facts unrelated to the grounds for relief asserted in that petition, those facts were not 'attempted to be set out' in that petition and cannot form a basis for relation back.").

Garcia's pro se petition alleges as follows:

I allege that my state court conviction and/or sentence are unconstitutional, in violation of my 1st, 5th, 6th, 14th Amendment right to ineffective assistance of counsel, due process based on these facts: See attached.

ECF No. 5 at 5.

Garcia asserted in his original petition conclusory Fourteenth Amendment Due Process violation claims and attached his opening brief on direct appeal as well as his state

postconviction petition setting forth the due process violations that are the basis for Grounds II through VI. Accordingly, the Court denies Respondents' motion to dismiss Grounds II through VI as untimely and will proceed on the merits.

### III.    Motion to File Excess Pages

Turning to Garcia's motion to exceed the page limit imposed by the Local Rules of Practice as to his lengthy opposition to Respondent's motion to dismiss. The Local Rules inform litigants that the court disfavors motions to exceed page limits, "so permission to do so will not be routinely granted." LR 7-3(c). Such motions must be "accompanied by a declaration stating in detail the reasons for, and number of, additional pages requested" and will only be granted "upon a showing of good cause." *Id*.

Here, Garcia filed a 38-page opposition along with his motion for leave to file excess pages on the same day a response was due. LR 7-3(c) specifically disavows this practice, requiring advanced permission for overlength briefs. Motions to exceed page limits have become increasingly routine in habeas cases. The Local Rules were drafted with knowledge that many— if not most—federal habeas cases involve complex legal questions. Longer page limits merely invite repetitive arguments, verbosity, string citation, unwarranted footnotes, and excessive block quotation, which waste judicial resources. Although the motion is granted, counsel is cautioned against routinely requesting leave to exceed the standard page limits and doing so in a manner that violates the Local Rules.

### IV.    Garcia's Options Regarding Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court concludes that Ground IV is unexhausted to the extent that Garcia alleges a violation of the Confrontation Clause. Because the Court finds that the petition contains an unexhausted claim, Garcia has these options:

1.    He may submit a sworn declaration voluntarily abandoning the unexhausted

claim in his federal habeas petition, and proceed only on the exhausted claims;

2.    He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[2] or

3.    He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Garcia wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Garcia to reply. Or Garcia may file a declaration voluntarily abandoning his unexhausted claims, as described above. Garcia's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Garcia is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

---

[2] This Court makes no assurances as to the timeliness of any future-filed petition.

**Conclusion**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 42) is granted, in part. Ground IV is unexhausted to the extent that Garcia alleges a violation of the Confrontation Clause.

It is further ordered that Garcia's motion for leave to file excess pages (ECF No. 55) is granted.

It is further ordered that Garcia shall have 30 days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If Garcia chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

Failure to timely comply with this order will result in the dismissal of Garcia's mixed petition without further advanced notice.

DATED:    October 30, 2024.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE