Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
*Andréa L. Vieira
Assistant Federal Public Defender
Nevada State Bar No. 15667
411 E. Bonneville Ave., Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Andrea_Vieira@fd.org

*Attorney for Petitioner Evaristo Jonathan Garcia

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Evaristo Jonathan Garcia,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>W.A.. Gittere, *et al.*,<br><br>　　　　　Respondents. | Case No. 2:17-cv-03095-JCM-CWH<br><br>**Unopposed Petitioner's Motion for Extension of Time to File Reply**<br><br>**(First Request)** |

Petitioner Evaristo Jonathan Garcia respectfully moves this Court for an extension of time of 60 days, up to and including July 7, 2025, to file Petitioner's Reply.

This is Garcia's first request to extend this deadline. This request for an extension is made in good faith and not solely for the purpose of delay. Good cause exists for the requested extension because of (1) the complex and voluminous record in this case, (2) the need for newly assigned counsel to thoroughly review the materials; and (3) counsel's obligations with other matters.

Respondents do not oppose this request. Given the complexity of this case and the procedural posture, this extension is necessary to ensure effective assistance of counsel and allow for a comprehensive Reply.

# POINTS AND AUTHORITIES

## I. Brief Procedural History

After a six-day jury trial that commenced on July 8, 2013, Evaristo Garcia was found guilty of second-degree murder with use of a deadly weapon.[1] He was sentenced to two consecutive terms of ten years to life.[2]

On December 20, 2017, petitioner Evaristo Garcia filed a *pro se* petition for writ of habeas corpus and moved for appointment of counsel.[3]

Nine days later, this court granted Mr. Garcia's motion and appointed counsel.[4] The court ruled that appointment of counsel is in the interests of justice due to, among other things, the following:

> (1) petitioner's lengthy sentencing consisting of two consecutive sentences of life with the possibility of parole after a minimum of ten years on each sentence, on his conviction, following a jury trial, of second-degree murder with the use of a deadly weapon; (2) the very limited ability demonstrated by petitioner in articulating his claims in this and the prior action, with petitioner presenting more or less bare documents covering copies of prior state court filings and/or orders; (3) the prospect that petitioner's access to Nevada specific legal materials and inmate assistance while incarcerated in Arizona may be more limited than the resources that may have been available to him while held within Nevada; and (4) the complexity of the potential procedural and substantive issues presented, including those potentially arising with respect to *Martinez v. Ryan*, 566 U.S. 1 (2012), following upon counsel not being appointed in the state post-conviction proceedings.[5]

---

[1] ECF No. 36

[2] *Id.*

[3] ECF Nos. 1-1, 5.

[4] ECF No. 4.

[5] *Id.* at 1–2.

   AFPD Megan Hoffman was appointed on April 5, 2018.[6] On May 10, 2018, AFPD S. Alex Spelman entered an appearance on behalf of Mr. Garcia.[7] An amended petition for writ of habeas corpus was filed on February 14, 2019.[8] On February 25, 2019, this court entered an order sealing this case.[9] On April 4, 2019, a stay was entered to allow Mr. Garcia to exhaust his claims in Ground 1 in state court.[10]

   Over five months later, AFPD Emma Smith entered her appearance as counsel for Mr. Garcia,[11] followed by AFPD Jeremy Baron on October 8, 2019[12] and AFPD Amelia Bizzaro on October 9, 2020.[13] On June 27, 2022, Ms. Bizzaro filed a second Notice of Appearance.[14]

   This case was reopened on September 23, 2022.[15] A second amended petition was filed on December 6, 2022.[16] Respondents filed a motion to dismiss on May 22, 2023,[17] along with exhibits totaling thousands of pages.[18]

   I joined the Office of the Federal Public Defender in October 2024 and entered my appearance in this matter on October 30, 2024.[19] An Order denying Respondents'

---

[6] ECF No. 9.
[7] ECF No. 10.
[8] ECF No. 18.
[9] ECF No. 22.
[10] ECF No. 26.
[11] ECF No. 27.
[12] ECF No. 28.
[13] ECF No. 29.
[14] ECF No. 30.
[15] ECF No. 33.
[16] ECF No. 36.
[17] ECF No. 42.
[18] ECF Nos. 43 – 47.
[19] ECF No. 66.

motion to dismiss in part was entered on the same date.[20] Respondents' Answer to the sealed second amended petition was filed on April 8, 2025.[21]

The record in this case is extensive and voluminous. It spans nearly 20 years dating back to 2006, involves a lengthy pre-trial history, a 2013 six-day jury trial on a murder charge, about four years of state appellate and post-conviction proceedings thereafter, and an additional four years of proceedings following the commencement of this matter and the return to state court. Plus, as this court noted, the potential procedural issues in this case are complex, given Mr. Garcia's lack of representation for his state habeas proceedings. [22]

The additional period of time is necessary in order to effectively represent Mr. Garcia. This motion is filed in the interests of justice and not for the purposes of unnecessary delay.

## II.  Good Cause Exists for the Requested Extension

Under Rule 6 of the Federal Rules of Civil Procedure, courts have broad discretion to grant extensions of time upon a showing of good cause.[23] Rule 6 is to be liberally construed to facilitate resolution of cases on the merits.[24]

The attorney that had been working on this case, Ms. Bizzaro, took the case through the state court proceedings. She led the litigation in both state post-conviction and federal habeas proceedings up to my appearance in October 2024. I am the sixth AFPD assigned to this case. I did not draft any of the prior pleadings and did not participate in the litigation leading up to this point.

---

[20] ECF No. 67.

[21] ECF No. 74

[22] *See* ECF No. 4 at 1–2.

[23] *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996).

[24] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

An extension of time is necessary so that I can review the voluminous file and procedural history of this case. I have not conducted that review due to obligations in other matters and the continuing demands of transitioning into habeas practice and managing a full caseload. Preparing a Reply requires extensive research into procedural default doctrines, the *Brady* violation claim, and a *Martinez* argument, and this case has a complex procedural history spanning multiple courts and thousands of pages of records.

Notably, my other commitments were time consuming and required significant engagement. I was responsible for completing and filing an Amended Petition in *Cotton v. Gittere*, et al., Case No. 3:23-cv-00570-MMD-CSD which was due and filed on April 14, 2025. In addition, I presented oral argument in *Keller v. Garrett*, et al., No. 3:22-cv-00481-ART-CLB, on April 22, 2025, a case that took significant preparation because I had not drafted any of the briefs and, having recently joint the Office of the Federal Public Defender, was not familiar with the case. I had an opposition to a motion to dismiss due on April 4, 2025 in *Chaiyakul v. Warden of High Desert State Prison*, et al., Case No. 2:22-cv-01650-RFB-MDC, as well as a Certificate of Appealability due on April 23, 2025 in the matter of *Garcia vs. Gittere*, Case No. 2:17-cv-03095-JCM-CWH.

I have responses to six (6) separate sets of Interrogatories and Requests for Production of Documents propounded in the matter of *Harris v. Cooke*, et al., Case No. 3:22-cv-00019-ART-CSD, due on May 14, 2025; an Opposition to a Motion to Dismiss due on May 16, 2025 in the matter of *Benavides v. Williams*, et al., Case No. 2:23-cv-00576-ART-MDC; and an Amended Petition due on May 23, 2025 in the matter of *Crawley v. Breitenbach, et al.,* Case No. Case No. 3:24-cv-00252-ART-CLB.

I have an Opposition to a Motion to Dismiss currently due on June 6, 2025 in the matter *Christy v. Hutchins, et al.*, Case No. 2:21-cv-00132-APG-BNW. Plus, I am also in the process of preparing for an Evidentiary Hearing on June 13, 2025 in the

1 | matter of *Taylor v. Bean, et al.*, Case No. 2:21-cv-00948-ART-DJA.

2 | I have an Amended Petition due on June 18, 2025 in the matter of *Engle v. State*, et al., Case No. 3:24-cv-00257-MMD-CSD, and a Reply due on June 27, 2025 in the matter of *Holman v. Johnson, et al.*, Case No. 2:21-cv-00266-APG-NJK. I have an Amended Petition due on July 8, 2025 in the matter of *Raspperry v. Bean*, et al., Case No. 2:25-cv-00110-RFB-BNW.

Because of these overlapping deadlines and obligations, I have not yet been able to complete the research and analysis required to adequately prepare the Reply in this matter. I also intend to meet with Mr. Garcia prior to completing the Reply.

Given the scope of the record, the complexity of the legal questions raised, and the need for direct communication with Mr. Garcia, an initial unopposed extension of 60 days is necessary.

On May 7, 2025, Deputy Attorney General Brooke Georguson was contacted via email and stated that she did not object to the extension. The lack of objection should not be construed as a waiver of any procedural defenses.

This motion is filed in the interests of justice and to protect Mr. Garcia's rights, not for purposes of delay. Accordingly, Petitioner respectfully requests an extension of time of 60 days, up to and including July 7, 2025, to file Petitioner's Reply.

Dated: May 7, 2025.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Andréa L. Vieira*
Andréa L. Vieira
Assistant Federal Public Defender

IT IS SO ORDERED:

_____
United States District Judge
Dated: May 9, 2025

6